THERIOT, J.
IgThe defendant/appellant, Eric Cazau-bon, seeks review of a judgment rendered by the Twenty-Second Judicial District Court holding him solidarity liable for a debt owed to the plaintiff/appellee, Richardson Wholesale, LLC (Richardson), in the amount of $32,250.00. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On March 17, 2010, Eugene Dix and Eric Cazaubon executed a promissory note in the amount of $32,250.00, plus interest, which states that the undersigned promised to pay Richardson the aforementioned amount. Mr. Dix and Mr. Cazaubon signed the promissory note on two lines at the bottom of the document that do not indicate the capacity in which each signed. Payment on the note was to be made in monthly installments, the first being due on April 17, 2010. Neither Mr. Dix nor Mr. Cazaubon made the required first payment, and ultimately defaulted on the note. Richardson filed a “Petition In Suit On Promissory Note” on October 17, 2013, naming both Mr. Dix and Mr. Cazaubon as defendants and demanding the full $32,250.00, plus interest.
All parties appeared for trial on September 23, 2015. The defendants were present without counsel and requested a continuance from the trial court to obtain counsel. The trial court granted the continuance and reset the trial for October 21, 2015, further advising the defendants that no more continuances would be granted. On October 21, 2015, neither the defendants nor counsel for the defendants appeared in court, notwithstanding the fact that the defendants had been given notice of the trial date at the September 23, 2015 hearing. The trial court ordered the trial to proceed. Richardson submitted testimony *882 and introduced evidence, then submitted the | ¡¡matter to the court. The court rendered judgment as prayed for by Richardson and signed the judgment on November 4, 2015.
On November 12, 2015, Mr. Cazaubon filed a motion for new trial, in which he admitted that he failed to appear for trial, but stated that Mr. Dix had assured him that he (Mr. Dix) would obtain counsel, appear for the trial, and defend Mr. Ca-zaubon in the matter. Mr. Cazaubon further stated in his motion that he did not understand that he was a party in the matter, believing that he signed the promissory note only as a witness to Mr. Dix’s signature. Mr. Cazaubon also included in his motion that Mr. Dix executed the promissory note with Richardson because of NSF checks that Mr. Dix had issued to Richardson, and subsequently promised to pay the debt to Richardson to avoid criminal prosecution.
Hearing on the motion for new trial was held on January 21, 2016. Mr. Cazaubon was present with counsel and was prepared to offer testimony consistent with what he had alleged in his written motion for new trial. The trial court declined to hear Mr. Cazaubon’s testimony and denied the motion for new trial based on Mr. Cazaubon’s failure to appear for trial despite being told by the trial court that no other continuances would be granted, and despite being personally served to appear for trial. Mr. Cazaubon proffered the testimony of Mr. Dix, who testified that he had assured Mr. Cazaubon that he would hire counsel and handle the matter so that Mr. Cazaubon would not have to appear, and that Mr. Cazaubon signed the promissory note as a witness. Mr. Cazaubon also proffered his own testimony, stating that he was not involved with the debt Mr. Dix owed Richardson.[1] The trial court signed the judgment denying Mr. Cazaubon’s motion for new trial on | ¿February 26, 2016. Mr. Cazaubon now appeals the trial court’s judgment on the merits and the judgment on the motion for new trial.[2]
ASSIGNMENTS OF ERROR
Mr. Cazaubon alleges two assignments of error:
1. The trial court erred in signing a judgment casting Mr. Cazaubon as a joint obligor with Mr. Dix on the promissory note after the trial on the merits in which the witness for Richardson testified that Mr. Dix signed as a maker and that Mr. Ca-zaubon signed as a “personal guarantor.”
2. The trial court erred in denying Mr. Cazaubon’s motion for new trial because the judgment rendered was contrary to law and the evidence.
STANDARD OF REVIEW
Under the manifest error standard of review, a factual finding cannot be set aside unless the appellate court finds that it is manifestly erroneous or clearly wrong. Coutee v. Global Marine Drilling Co., 2005-0756 (La. 2/22/06), 924 So.2d 112, 116. When an appellate court finds manifest error, the factual findings of the trier of fact may be reversed. Alexander v. Pellerin Marble & Granite, 93-1698 (La. 1/14/94), 630 So.2d 706, 710.
DISCUSSION

Trial on the Merits

The signature lines on the note contain the signatures of Mr. Dix and Mr. *883 Cazaubon. The capacity in which they signed is not included on or near the signature line. However, the note itself states that “the undersigned promises to pay” the relevant debt. A contract must be interpreted in a common-sense fashion, according to the words of the contract in their common and usual significance. Clovelly Oil Co., LLC v. Midstates Petroleum Co., LLC, 2012-2055 (La. 3/19/13), 112 So.3d 187, 192. Words of a contract must be given their generally prevailing meaning. La. C.C. art. U2047. When the words of a contract are clear and explicit and lead to no absurd consequences, no further explanation may be made in search of the parties’ intent. La. C.C. art. 2046.
In the present case, the language of the promissory note is clear. It states “the undersigned agree to pay.” It is clear the undersigned is Mr. Dix and Mr. Cazaubon. No further evidence is needed to interpret the four comers of the document. Therefore, from a plain reading of the document, Mr. Dix and Mr. Cazaubon are obligated to pay the debt to Richardson.
The promissory note was properly identified and admitted into evidence. Once the note was accepted into evidence, the burden shifted to the defendant to prove any affirmative defenses. Long v. Long, 2004-938, (La. App. 5 Cir. 1/25/05), 895 So.2d 34, 39. Mr. Cazaubon failed to properly raise any defense at the trial of this matter. The record reflects Mr. Cazaubon failed to appear after being properly served and notified of the trial date. Such action, or lack of action, lies solely at the feet of Mr. Cazaubon. We find that the trial court did not err in its interpretation of the promissory note.

Motion for New Trial

 In his motion for new trial, Mr. Cazaubon asked the court to grant him an opportunity to present his defense. A new trial may be granted if there are good grounds to do so. La.C:C.P. art. 1973. A trial court has much discretion in determining whether to grant a motion for new trial. Brown v. Hudson, 96-2087 (La.App. 1 Cir. 9/19/97), 700 So.2d 932, 935, writ denied, 97-2623 (La. 1/9/98), 705 So.2d 1103, cert. denied, 524 U.S. 916, 118 S.Ct. 2297, 141 L.Ed.2d. 157 (1998). In the instant case, Mr. Cazaubon was granted a continuance to allow him to hire counsel prior to trial. The trial court informed Mr. Cazaubon that no other continuances would be granted. Despite the trial court’s admonition and also being properly notified of the | atrial date, Mr. Cazaubon failed to appear for trial. We find these circumstances to be well within the trial court’s discretion for denying Mr. Cazaubon’s motion for new trial.
DECREE
The judgment of the Twenty-Second Judicial District Court, holding Eugene Dix and Eric Cazaubon liable to Richardson Wholesale, L.L.C. in the amount of $32,250.00, plus interest, is affirmed. The judgment denying Eric Cazaubon’s motion for new trial is also affirmed. All costs of this appeal are assessed to Eric Cazaubon.
AFFIRMED.

. The trial judge was absent from the bench when the testimony of Mr. Dix and Mr. Ca-zaubon was proffered.

. Mr. Dix is not a party in the present appeal.